No. 03-764

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 100N

IN THE MATTER OF D. and M.G.,

YOUTHS IN NEED OF CARE.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. CDJ-02-055-Y,
                The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

            For Appellant:

                Vince Van Der Hagen, Deputy Public Defender, Great Falls, Montana

            For Respondent:

                Hon. Mike McGrath, Attorney General; Ilka Becker,
                Assistant Attorney General, Helena, Montana

                Brant S. Light, Cascade County Attorney; Matthew Robertson, Deputy
                County Attorney, Great Falls, Montana

                                    Submitted on Briefs:  March 9, 2004

                                        Decided:  April 20, 2004

Filed:

            _____
                            Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 D.G. appeals from the Eighth Judicial District Court's Findings of Fact, Conclusions of Law and Order dated August 20, 2003, terminating parental rights of D.G. to D. and M.G. We affirm.

BACKGROUND

¶3 On March 26, 2002, the State filed a Petition for Emergency Protective Services, Adjudication as Youth in Need of Care and Temporary Legal Custody with an associated supporting affidavit detailing the Department of Public Health and Human Services (DPHHS) involvement with the children, D. and M.G. The children have been in foster care since March 22, 2002, and the court adjudicated them as Youths in Need of Care on April 9, 2002. Both parents signed the DPHHS developed treatment plans on July 12, 2002. The District Court found that the plans were detailed, reasonable and achievable, thus it approved and ordered them on October 8, 2002. On April 4, 2003, the State filed a Petition for Permanent Legal Custody and Termination of Parental Rights on the basis that both parents failed to complete the treatment plans. On April 7, 2003, the court ordered appointment of counsel for both parents. With counsel, both parents appeared at the termination hearing on

2

July 22, 2003. Based upon the testimony presented, the court terminated D.G.'s parental rights as to D. and M.G. D.G. appeals from this Order.

## DISCUSSION

¶4 The decision to terminate parental rights is generally within the discretion of the trial court, and we review such decisions for an abuse of discretion. *In re T.E.*, 2002 MT 195, ¶ 14, 311 Mont. 148, ¶ 14, 54 P.3d 38, ¶ 14. On review of such decision, we determine whether the district court's findings of fact supporting a termination are clearly erroneous. *In re T.E.*, ¶ 14. When reviewing a court's conclusions of law, we determine if they are correct. *In re T.E.*, ¶ 14. However, it is well-settled that this Court will not address issues presented for the first time on appeal. We have said that "[a]s a general rule, we do not consider an issue presented for the first time on appeal because it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *In re D.H.*, 2001 MT 200, ¶ 41, 306 Mont. 278, ¶ 41, 33 P.3d 616, ¶ 41.

¶5 While D.G. presents allegations that his treatment plan was inappropriate, he signed off on the plan and at no time preserved his objection to the plan in the District Court. Furthermore, he did not advance any evidence that DPHHS presented insufficient evidence that the condition rendering him unfit was unlikely to change within a reasonable time. As a result of not raising these issues before the District Court, D.G. waived his right to appeal them.

¶6 Accordingly, we conclude, pursuant to Section I, Paragraph 3(d)(I), Montana Supreme Court 1996 Internal Operating Rules, that the legal issues raised in this appeal are clearly controlled by settled Montana law; that there are no factual issues in dispute; and that

3

the trial court's conclusions of law are correct.  We hold the District Court did not abuse its discretion when it found that substantial evidence supported its decision to terminate D.G.'s parental rights to D. and M.G.

¶7      Therefore, the District Court's decision is affirmed.


/S/ JIM REGNIER


We Concur:


/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER